UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK JONES, SR., | ) | CV F   04 5853 REC SMS P |
| Plaintiff, | ) | |
| v. | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1.) |
| D. TOLBERT, | ) | |
| Defendant. | ) | |

Frederick Jones, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on June 16, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on April 29, 2004, Defendant Tolbert refused to allow an attorney visit him at the facility.  Although Plaintiff was proceeding in his criminal action in pro per at the time, Plaintiff states the attorney was attempting to contact Plaintiff to assist him in the preparation of his criminal defense.  Plaintiff alleges this violated his "meaningful access to the assistance of counsel." (Complaint at 3.)

**C. CLAIMS FOR RELIEF**

In order to prevail on a claim of interference with the right to counsel under Section 1982, a Plaintiff must show that the Defendant interfered with his right to counsel and that "the interference was either wrongfully motivated or without adequate justification. Via v. Cliff, 470 F.2d 271, 275 (3rd Cir. 1972).  Plaintiff need not demonstrate that their attorney's preparedness was adversely affected but there must be some interference. Id.

Here, Plaintiff allege sufficient facts to state a cognizable claim for relief under the Sixth Amendment.  However, the action must still be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In Heck, the Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87.  "A claim for damages bearing that relationship to a conviction or

1 sentence that has not been so invalidated is not cognizable under § 1983." Id.

2 A judgment in favor of Plaintiff on his claim that Defendant violated his Sixth Amendment right to counsel by refusing to permit Counsel to visit Plaintiff in jail would necessarily imply the invalidity of his conviction. Id. Accordingly, this claim is not cognizable under section 1983 until such time as Plaintiff invalidates his conviction. Id.

**D. CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief under section 1983. Further, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 8, 2006             /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE